Nat H. Hentel, J.
Plaintiff is the present owner of premises
built by the defendant. Defendant sold the premises originally to Cedomir and Staka Sanj. Under the terms of the contract of sale dated October 30, 1968: “Seller [defendant] agrees to deliver guarantees from subcontractors or to deliver its own guarantees in lieu thereof for the * * * Roof against leakage due to defective materials and/or installation. ” This guarantee was “ to be for one year from the time of closing of title. ” And, “ in lieu of written guarantees, this clause shall survive delivery of deed for period of one year thereof. All guarantees are limited .solely to the repair of the item or items shown to be defective, and damage to materials originally furnished by the builder.” (Emphasis supplied).
On March 31, 1969, within the one-year guarantee time, Mr. and Mrs. Sanj conveyed the premises to the plainiff, and at the same time executed the following written assignment:
“We * * * do hereby assign * * * unto Peter Gomes, all guarantees for the * * * Roof * * * free of seepage as set forth in the contract of sale between the undersigned (Mr. and Mrs. Sanj) as purchasers, and Ern-Roc Homes, Inc., as sellers [defendant], dated October 1968, which guarantees were for one year from date of closing held on November 1, 1968. We make this assignment as part of the closing held this day. ’ ’
It is conceded that after plaintiff succeeded to the title to the premises, and within the one-year guarantee period, roof leaks developed. Accordingly, plaintiff contacted defendant to repair *659 the leaks pursuant to the assignment. The defendant denied liability to the plaintiff on the theory that the guarantees were made to Mr. and Mrs. Sanj and were not meant for successors-in-title, there being a failure of privity in the contract as between the parties to this litigation. The plaintiff now sues for $3,500, claiming this as the sum he has advanced to make the roof repairs on behalf of the defendant who has failed to perform on his written guarantee.
The court, after trial, agrees with the position of the plaintiff that the guarantee “ survives the delivery of the deed ” for a period of one year and is assignable to the subsequent purchaser inasmuch as the guarantee was made to induce the original purchaser to accept title because the defendant builder would stand behind his construction work for a period of one year and make the necessary repairs and alterations if such a basic feature as the roof would prove not to be watertight within that year.
It is the general rule that a contract for the performance of personal services is not assignable. It is thus the responsibility of the court to determine whether a particular contract must fail in its assignability because the services required are of too personal a character. The court can only determine this issue from the entire contract and how it indicates the presumed or express intention of the parties. Here, the guarantee is unequivocal for one year and that time is certainly minimal enough to any purchaser when it comes to the expectation of a dry roof over one’s head whether it be the original purchaser or another in the line of title within the period of the guarantee. There was no express or implied provision in the contract to limit the guarantee only to the original purchaser. The guarantee survived the delivery of title by Mr. and Mrs. Sanj to the plaintiff. (See 3 N. Y. Jur., Assignments, §§ 7 and 8, for discussion on assign-ability of contracts involving personal skill, service, confidence, or credit.) Thus, contracts to paint a house, to supply electric power for a certain period, and for the erection of a building have been held as contracts not considered personal and, therefore, assignable. This is a contract to repair a defective or leaking roof for a period of one year. This court holds that this contract is assignable to and enforceable by the plaintiff as not being of such a nondelegable, personal or unique nature inuring only to the benefit of Mr. and Mrs. Sanj. (See S & L Vending Corp. v. 52 Thompkins Ave. Rest., 26 A D 2d 935; Jennings v. Foremost Dairies, 37 Misc 2d 328.)
The court disregards paragraph 29 of the contract of sale between defendant and Mr. and Mrs. Sanj, which defendant sets up as a defense to this action. It states:
*660 “ This agreement is binding upon the heirs, executors, and administrators of the respective parties, and it is expressly understood and agreed that the purchaser (Mr. and Mrs. Sanj) will, in no event assign this contract without the written consent of the seller [defendant]. ” The paragraph immediately following this paragraph, namely paragraph 30 states: “ The deed shall be delivered * * * etc. ’ ’
The distinction is quite clear to the court. On the one hand, the Sanjs were proscribed from assigning the contract of sale prior to delivery of the deed without consent of the defendant. But nowhere is it stated that the purchasers, the Sanjs, could not resell or reconvey their realty and deliver deed thereto to another and subsequent purchaser without the consent of defendant. They reconveyed the said premises and assigned their guarantees which the court holds they had an absolute right to do.
When this matter was submitted to the court for determination on the sole question as to whether the guarantee was assignable as a matter of law on the pleadings, it was further agreed that if the court made its determination in favor of the plaintiff, which the court indeed does, the matter would be set down for proof of plaintiff’s damages. Accordingly, this matter will be heard on July 28, 1972, at 11 a.m., Trial Term, Part XII, with respect to the assessment of damages herein.